**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**LEONARD CARROLL, and**
**STEPHANIE CARROLL,**

**Plaintiffs,**

**v.** **Civil Action No. 1:23-CV-57**
**(JUDGE KLEEH)**

**KENDRA ROSS,**

**Defendant.**

**OMNIBUS REPORT AND RECOMMENDATION**

On July 13, 2023, *pro se* Plaintiffs Leonard Carroll and Stephanie Carroll ("The Carrolls") filed a Complaint against Defendant Kendra Ross ("Ross"). [ECF No. 1].

On July 14, 2023, this Court, by the Honorable Thomas S. Kleeh, Chief U.S. District Judge for the Northern District of West Virginia, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise. [ECF No. 5].

Upon consideration of the filings, and for the reasons stated herein, the undersigned now **RECOMMENDS** that:

- Ross' Motion to Dismiss [ECF No. 10] be **GRANTED**;
- The Carrolls' Motion for a Hearing to Show Cause [ECF No. 18] be **DENIED**;
- The Carrolls' Motion to Remove Counsel and Request for Jury Trial [ECF No. 22] be **DENIED**;
- The Carrolls' Motions for Summary Judgment [ECF Nos. 25, 26] be **DENIED**; and the
- Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On May 23, 2018, Ross received a final judgment in her favor against Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc. (hereinafter known as "the Judgment Debtors") for her claims alleging forced labor, human trafficking, violations of the Fair Labor Standards Act, violations of various states' minimum wage laws, violations of the RICO Act, conversion, unjust enrichment, and negligent and intentional infliction of emotional distress. *See* Ross v. Jenkins et al., Case No. 1:17-CV-2547 (D. Kan. May 23, 2018), at ECF Nos. 40, 41. *See also* Ross v. Jenkins et al, 1:18-MC-51 (N. D. W.Va. Dec. 3, 2018) (judgment registered in this district).

On March 25, 2019, as a matter of course and with leave of the Court, Kendra Ross filed an Amended Complaint in the U.S. District Court for the District of Kansas against the Promise Keepers, Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc. ("PK Organizations") alleging, *inter alia*, that starting on May 23, 2018, the day final judgment was entered in her previous case, the Judgment Debtors incorporated and created the PK Organizations and began to fraudulently grant, transfer, and convey property and assets to the PK Organizations in order to thwart collection by Ross. *See* Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. March 25, 2019).

A Preliminary Injunction Order was entered by the District of Kansas on March 7, 2019, pursuant to the original Complaint and by way of Motion requesting the same, enjoining the Defendant PK Organizations from, *inter alia*, "directly or indirectly: (1) transferring, concealing, withdrawing, or otherwise disposing of any assets, property, or funds that they control or possess;

[1] Previously pending in this Court was a related matter involving, in part, these same parties. See Carroll v. O'Dell, et. al., Case No. 1:22-CV-99. This factual summary is largely repurposed from a Report and Recommendation of November 23, 2023 [ECF No. 62 therein] entered by the undersigned.

(2) opening or closing accounts; (3) opening or accessing safe deposit boxes or rental storage units; and (4) opening or creating any new entities or trusts without prior approval by the court[.]" *See* Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. March 25, 2019).

On May 27, 2020, the PK Organizations transferred a Preston County, West Virginia property, located at 1213 Cash Valley Road, Eglon, West Virginia 26716, by quitclaim deed to Leonard Carroll and Stephanie Carroll, the Plaintiffs in this instant action.

On July 17, 2020, the U.S. District Court for the District of Kansas entered judgment in favor of Ross and against the PK Organizations in the principal amount of $300,000. *See* Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. July 17, 2020), at ECF No. 86. *See also* Ross v. Promise Keepers et al., Case No. 1:21-MC-20 (N. D. W.Va. May 6, 2021) (judgment registered in this district).

On August 21, 2021, Ross initiated an action in the Circuit Court of Preston County, West Virginia, Case No. 21-C-57, to set aside the fraudulent transfer of the property from the PK Organizations to the Carrolls and to force sale of the property in satisfaction of the prior judgment. *See* Ross v. The Promise Keepers, Inc. et al., Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Aug. 23, 2021).

On September 21, 2022, the Circuit Court of Preston County, West Virginia, by Circuit Court Judge Steven L. Shaffer, entered an Order granting Kendra Ross's Motion for Default Judgment, ordering that "the May 27, 2020 transfer of property located in Preston County, West Virginia from the [PK Organizations] to the Carrolls shall be and is hereby voided[,]" enjoining the PK Organizations and/or the Carrolls from further disposing of the property, and ordering that the aforementioned property be "sold to satisfy the default judgment from the United States

District Court for Kansas and the judgment issued in" the Circuit Court of Preston County, West Virginia.

On September 27, 2022, The Carrolls initiated a prior, related action in this Court, Case No. 1:22-CV-99, by filing their *pro se* Complaint alleging that The Carrolls have owned and paid property taxes on the subject property for close to nine (9) years, from 2013 to 2022, but that the property has been "taken under the pretext of another party name Promise Keepers when that name lacks standing or ownership of the property in question." [ECF No. 1 at 6, in Case No. 1:22-CV-99]. The Carrolls named as party-Defendants O'Dell and a number of other persons and entities, in addition to Ross.

In that prior action, on June 20, 2023, Judge Kleeh entered an Order [ECF No. 104, in Case No. 1:22-CV-99] adopting the undersigned's Omnibus Report and Recommendation and the Supplemental Report and Recommendation in part, and dismissed that prior action *without prejudice*.

On July 13, 2023, The Carrolls initiated the instant action in this Court by filing their *pro se* Complaint against Ross. The Carrolls allege that they have owned and maintained the property since 2010, but that they "had no notice or the right to defend as this action was brought in under a '[f]ictious [e]ntity' not registered in West Virginia or had ownership over the property." [ECF No. 1, at 6].

## II. SUMMARY OF PARTIES' CONTENTIONS AND PENDING MOTIONS

### A. Ross' Motion to Dismiss [ECF No. 10]

On August 10, 2023, Ross, by counsel, filed her Motion to Dismiss and memorandum in support thereof, contending that dismissal is warranted for a number of reasons. [ECF Nos. 10, 11]. First, Ross argues that this Court should dismiss the Complaint for lack of subject matter

jurisdiction because The Carrolls criticize a state court judgement that has caused them "the loss of their property and home" [ECF No. 1 at 7] and are effectively attempting to appeal a state court decision. Ross contends that this Court cannot exercise jurisdiction pursuant to the Rooker-Feldman doctrine[2]. [ECF No. 11 at 2-3]. Secondly, Ross contends process was insufficient because The Carrolls did not serve a summons with the complaint. [ECF No. 11 at 3]. Third, Ross argues that service was insufficient because (1) the complaint was mailed to Ross and Ashley Hardesty O'Dell ("O'Dell"), Ross' attorney in the underlying judicial proceedings in the Circuit Court of Preston County; (2) The Carrolls served Ross at the place of employment; (3) and The Carrolls attempted to serve Ross by mailing the complaint to O'Dell. [ECF No. 11 at 3-4].

Fourth, Ross contends that this Court does not have personal jurisdiction because The Carrolls failed to properly serve Defendant. Fifth, even if jurisdiction were proper and The Carrolls properly served Ross, Ross argues that The Carrolls failed to state a claim upon which relief can be granted because the Complaint does not assert a cause of action against Ross. Moreover, The Carrolls assert a violation of their Fourteenth Amendment right to due process. However, Ross argues, she cannot, as an individual, be held liable for such alleged constitutional violations.

**B. The Carrolls' Motion for a Hearing to Show Cause [ECF No. 18]**

On August 15, 2023, The Carrolls filed a motion alleging that Ross' counsel, Brook H. Spears, and her law firm, McGuire Woods LLP engaged in unethical misconduct. The Carrolls seek a hearing to discuss this matter.

---

[2] Rooker-Feldman is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). *See generally* Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, (1923)).

**C. The Carrolls' Motion to Remove Counsel and Request for Jury Trial [ECF No. 22]**

On August 28, 2023, The Carrolls filed a motion to remove Spears as counsel for Ross and set the matter for trial by jury.

**D. The Carrolls' Motions for Summary Judgement [ECF No. 25, 26]**

On September 20, 2023, The Carrolls filed a motion for summary judgment alleging that "financial harm and damage has been done without proper testimony before this [C]ourt." [ECF No. 25, at 4].

## III. LEGAL STANDARDS

**A. Lack of Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In considering a 12(b)(1) motion to dismiss, a "trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Id. (*citing* Mims v. Kemp, 516 F.2d 21 (4th Cir.1975)). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Id. The district court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (*citing* Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987)).

Furthermore, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v. Memorial Hosp. Ass'n, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom.* Duffield v. Charleston Area Medical Ctr., 503F.2d 512 (4th Cir. 1974); *see also* Bolin v. Chavez, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

**B. Insufficient Process and Insufficient Service of Process**

Under Federal Rule of Civil Procedure 4(c), "[a] summons must be served with a copy of the complaint. The plaintiff *is responsible* for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c) (emphasis added). The plaintiff bears the burden of showing that service of process was properly conducted pursuant to Rule 4 of the Federal Rules of Civil Procedure. Miller v. Mariner Fin., LLC, No. 3:10-CV-33, 2010 WL 2365400, at *3 (N.D.W. Va. June 8, 2010). Although rules applying to *pro se* litigants are to be construed liberally, actual notice is not sufficient to satisfy the requirements of service of process. Scott v. Maryland State Dep't of Lab., 673 F. App'x 299, 305 (4th Cir. 2016). An individual may be served by (1) "following state law for serving a summons, " (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

**C. Lack of Personal Jurisdiction**

Under Federal Rule of Civil Procedure 4, the Court has personal jurisdiction over a Defendant if the Plaintiff properly serves the Defendant a summons. "A Plaintiff's failure to effect proper service deprives the court of personal jurisdiction." Minix v. Experian Info. Solutions, Inc., No. 1:19-CV108, 2020 WL 1500029, at *3 (N.D. W. Va. Feb. 11, 2020) (citing Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998)).

**D. Pleading Standard Required to State a Claim for Relief**

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves to give "the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Detailed factual allegations are not required. Twombly, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." Id. The "sheer possibility that a defendant has acted unlawfully" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, a

court must "liberally construe" complaints filed *pro se*, meaning on one's own behalf without attorney representation. Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir.1993)).

When rendering its decision, a court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. Conklin v. Jefferson Cty. Bd. of Educ., 205 F. Supp. 3d 797, 803 (N.D.W. Va. 2016)(citing Anheuser–Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). A district court should grant a motion to dismiss where the complaint is insufficient to state a claim to relief. Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir.1985). *See also* Cameron v. MTD Prod., Inc., No. CIV.A.5:03 CV 75, 2004 WL 3256003, at *3 (N.D.W. Va. Jan. 7, 2004), *aff'd*, 90 F. App'x 53 (4th Cir. 2004).

## IV. ANALYSIS

### A. This action should be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

The undersigned **RECOMMENDS** that this Court should decline to exercise federal jurisdiction in this matter pursuant to the Rooker-Feldman doctrine, as suggested by Ross. As a general matter, "federal courts are obliged to decide cases within the scope of federal jurisdiction." Sprint Commc'n, Inc. v. Jacobs, 571 U.S. 69, 71 (2013). A federal court should not abstain "simply because a pending state-court proceeding involves the same subject matter." Id. However, federal courts may decline to exercise their jurisdiction in "exceptional circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). "Specifically, federal courts have the power to refrain from hearing: (1) cases that would interfere with pending state criminal proceedings or certain types of state civil proceedings; (2) cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law; (3) cases raising issues intimately involved with the states' sovereign prerogative; (4) cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes; and (5) cases which are duplicative of a pending state proceeding." Launi v. Hampshire Cty. Prosecuting Attorney's Off., No. 3:19-CV-65, 2020 WL 1908005, at *2 (N.D.W. Va. Apr. 17, 2020)(Groh, J.) (citing Quackenbush, 517 U.S. at 716-17).

Rooker-Feldman is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (*quoting* Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)).

The Rooker-Feldman doctrine serves to protect the notion that jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(*citing* District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v.

Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)); see also Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")).

The United States Court of Appeals for the Fourth Circuit has explained that "the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006).

In Rooker, the Plaintiffs brought suit in federal district court seeking a declaration that a state-court judgment against them was "null and void" because, they alleged, it was in violation of the Constitution. Rooker, 263 U.S. at 414-15, 44 S.Ct. 149. The United States Supreme Court held that the district court lacked subject-matter jurisdiction over the claim because "under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character." Id. at 416, 44 S.Ct. 149. In Feldman, the United States Supreme Court held that "if the constitutional claims presented to [the district court] are inextricably intertwined with the state court's [ruling] in a judicial proceeding ... then the district court is in essence being called upon to review the state court decision. Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. 1303 (emphasis added).

Again, Rooker-Feldman applies whenever litigants institute a federal action in an attempt to seek review of a state court decision, regardless of how the attempt is styled or presented. Johnson v. HCR Manorcare LLC, No. 1:15-CV-189, 2015 WL 6511301, at *3 (N.D.W. Va. Oct. 28, 2015) (*citing* Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003)). The "controlling question" is whether the party "seeks the federal district court to review a state court

decision and thus pass upon the merits of that state court decision, not whether the state court judgment is currently subject to reversal or modification" Id. (*citing* Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997)). The Rooker-Feldman doctrine "is in no way dependent upon the temporal procedural posture of the state court judgment." Id. *See also* Brown & Root Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000)(Rooker-Feldman doctrine also applies to interlocutory orders issued in state court); Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 320 (4th Cir. 2003) ("The fact that such an order may be theoretically subject to modification does not impact the Rooker-Feldman analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order").

Here, The Carrolls claims are solely based on the September 21, 2022 default judgment order entered by the Circuit Court of Preston County, West Virginia. In fact, the Complaint states "[t]his action stems from a Local Court Case [] IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA [] on property located at 1213 Cash Valley Road Eglon, WV..." [ECF No. 1, at 6]. The relief requested in the Complaint includes a trial by jury for Ross to "defend her action" to "explain the harm caused to her by, the Carroll's" and if she "has evidence and proof of claim" [sic]. [ECF No. 1, at 8]. The Carrolls conclude their Complaint by stating "We the Carroll's demand that Kendra Ross now prove her allegation against the Carroll's…that we have cause Kendra Ross such harm or injustice or any other form of Federal or West Virginia State laws violation to justify the taking of property and home at 1213 Cash Valley Road Eglon, WV 26716-8557." [ECF No. 1, at 9]. In essence, The Carrolls' pleadings are in response to the judgment that resulted from Ross' state court action.

All of The Carrolls alleged injuries, as well as the remedies and the relief sought, arise from the text of the September 21, 2022 state court default judgment order or grievances with the procedures and outcome of state court case, Ross v. The Promise Keepers, Inc. et al., Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Sept. 21, 2022), and the prior related federal case in Kansas, Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. 2020).[3]

Appellate review of the September 21, 2022 state court default judgment order is the domain of the West Virginia Intermediate Court of Appeals or Supreme Court of Appeals, not the U.S. District Court for the Northern District of West Virginia.[4] Under the Rooker-Feldman doctrine and related Fourth Circuit jurisprudence, this Court is divested of its authority and its jurisdiction where entertaining the federal claim would be "the equivalent of an appellate review of the state court order." Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002).

In summary, the undersigned **FINDS** that this Court is without subject matter jurisdiction and **RECOMMENDS** that "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

Moreover, the Rooker-Feldman doctrine cited by Ross and analyzed by the undersigned above, weigh in favor of federal abstention, as not to allow this Court to interfere with the functioning of state courts. Accordingly, the undersigned **FINDS** that the Rooker-Feldman doctrine precludes The Carrolls' indirect attempt to appeal state court decisions to this Court, and

[3] Additionally, any appeals from orders entered in the U.S. District Court for the District of Kansas would be heard by the U.S. Court of Appeals for the Tenth Circuit. *See generally* 28 U.S.C. § 1291; 28 U.S.C. § 1292(b); and 28 U.S.C. § 1453(c); *see also* The United States Court of Appeals for the Tenth Circuit, https://www.ca10.uscourts.gov/ (last visited Oct. 30, 2023).

[4] *See generally* W. Va. Code § 51-1-3 (jurisdiction of the W. Va. Supreme Court of Appeals) and W. Va. Code § 51-11-4 (establishing jurisdiction and limitations for the W. Va. Intermediate Court of Appeals).

thus further respectfully **RECOMMENDS** that The Carrolls' claim should be **DISMISSED** for lack of subject-matter jurisdiction.

**B. The Carrolls failed to properly serve Ross.**

Ross alleges that The Carrolls did not serve a summons *and* a complaint as is required by Fed. R. Civ. P. 4. [ECF No. 11, at 2]. Further, Ross contends that the complaint was *mailed* to Ross at her place of employment and to O'Dell as a means of attempting to effectuate service. Id. Neither of those methods are effective service. Thus, the undersigned **FINDS** that The Carrolls improperly served Ross, and thus respectfully **RECOMMENDS** that Plaintiffs' claim be **DISMISSED** for insufficient process and insufficient service of process.

**C. The Carrolls fail to state claims upon which relief may be granted.**

In the instant action, pursuant to Fed. R. Civ. P 12(b)(6), Ross argues that The Carrolls failed to articulate how Ross harmed The Carrolls and state a claim for which relief should be granted. [ECF No. 11]. As indicated above, the undersigned recommends that this matter be dismissed for lack of subject matter jurisdiction pursuant to the Rule 12(b)(1). But, for completeness, the undersigned also reviews Ross' 12(b)(6) argument.

As stated above, in federal court, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "sheer possibility that a defendant has acted unlawfully" is insufficient. Id.

In their Complaint, The Carrolls allege that Ross used a "Fictious Entity name to deprive the Carroll's as private individuals as an American Citizens Civilian the Constitutional Protected Rights of Due process Law and the Right to a trial to be heard." [ECF No. 1].

In her Motion to Dismiss, Ross argues that The Carrolls have alleged a violation of their Fourteenth Amendment right to due process and, as a private individual, Defendant cannot be held liable. Therefore, this Court should dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned agrees. The Carrolls fail to allege enough facts for a cognizable claim against Ross. Instead, The Carrolls address their grievances with Ross as it pertains to the action brought in state court by Ross. Again, The Carrolls' pleadings in the instant action are in response to the judgment that resulted from Ross' state court action instead of an independent, cognizable claim stemming from actions taken by Ross, the individual. There is not enough factual content for the undersigned to make a reasonable inference that Ross is liable for anything in this regard.

Because The Carrolls have failed to state a claim against Kendra Ross upon which relief can be granted, the undersigned **RECOMMENDS** that Ross' Motion to Dismiss [ECF No. 10] be **GRANTED**.

## V. CONCLUSION AND RECOMMENDATIONS

First, because there is no basis for federal question jurisdiction, the undersigned **FINDS** this Court is without subject matter jurisdiction and **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and the Motion to Dismiss [ECF No. 10] be **GRANTED**, pursuant to Rule 12(b)(1).

The undersigned further **RECOMMENDS** that even if this Court were to find that subject matter jurisdiction exists, this Court should abstain from interfering with the state court's functioning pursuant to the Rooker-Feldman doctrine, and **GRANT** the Motion to Dismiss [ECF No. 10].

Moreover, the undersigned **FINDS** that The Carroll have failed to allege facts sufficient to put forth a claim upon which relief can be granted and thus **RECOMMENDS** that the Motion to Dismiss [ECF No. 10] be GRANTED for failure to state a claim for relief.

Accordingly, based on the foregoing, the undersigned further **RECOMMENDS** that The Carrolls' Motion for a Hearing to Show Cause [ECF No. 18] and Motion to Remove Counsel and Request for Jury Trial [ECF No. 22] be hereby **DENIED as moot**.

Finally, because The Carrolls have improvidently lodged Motions for Summary Judgment [ECF Nos. 25, 26], and given the procedural posture of the instant action, the undersigned **RECOMMENDS** that those motions be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* by certified mail, and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on October 30, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE