**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LEONARD CARROLL and
STEPHANIE CARROLL,**

       **Plaintiff,**

   **v.**                            **CIVIL NO. 1:23-CV-57
(KLEEH)**

**KENDRA ROSS,**

       **Defendant.**

---

**MEMORANDUM OPINION AND ORDER ADOPTING
OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]
AND GRANTING MOTION TO DISMISS [ECF NO. 10]**

---

Pending before the Court is an Omnibus Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi [ECF No. 28]. For the reasons discussed herein, the Court **ADOPTS** the R&R **IN PART**.

### I.   BACKGROUND

On July 13, 2023, the pro se Plaintiffs, Leonard and Stephanie Carroll ("Plaintiffs"), filed a Complaint against Defendant Kendra Ross ("Defendant"). Plaintiffs allege that Defendant sued them in the Circuit Court of Preston County, West Virginia, and as a result, their home was "confiscated." They claim damages in the amount of $300,000.00 (the cost of their home).

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for review. Defendant filed a motion

**MEMORANDUM OPINION AND ORDER ADOPTING**
**OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 10]**

to dismiss pursuant to multiple provisions of Rule 12 of the Federal Rules of Civil Procedure, including Rule 12(b)(1).   On October 30, 2023, the Magistrate Judge entered the R&R.   In the R&R, he recommends that the Court dismiss the case without prejudice for lack of subject matter jurisdiction.   Alternatively, the Magistrate Judge recommends that the Complaint be dismissed for insufficient process and for failure to state a claim upon which relief can be granted.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection."   It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."   On November 6, 2023, Plaintiffs filed a document entitled "Motion for Objection of any Dismissal by the Magistrate Judge Under Due Process Violation and Paid Contract with a Notice of Appeal" [ECF No. 32].   The Court construes this document as Plaintiffs' objections to the R&R.   In the document, Plaintiffs state that they want a jury trial, and they generally state that subject matter jurisdiction exists.

CARROLL V. ROSS                                                    1:23-CV-57

**MEMORANDUM OPINION AND ORDER ADOPTING**
**OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 10]**

Plaintiffs do not address the Magistrate Judge's other recommended bases for dismissal.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections.  Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Out of an abundance of caution, the Court will conduct a de novo review of the Magistrate Judge's finding that subject matter jurisdiction does not exist.

## II.  DISCUSSION

For the reasons that follow, the Court finds that the Rooker-Feldman doctrine applies, and the Court lacks subject matter jurisdiction to decide this case.

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss an action for lack of jurisdiction over the subject matter.

### MEMORANDUM OPINION AND ORDER ADOPTING
### OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]
### AND GRANTING MOTION TO DISMISS [ECF NO. 10]

A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citation omitted). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations and quotation marks omitted).

### B.    Application of the Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine bars state-court losers from seeking review in federal court of 'injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Vicks v. Ocwen Loan Servicing, LLC, 676 F. App'x 167, 168 (4th Cir. 2017) (unpublished) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "District

**MEMORANDUM OPINION AND ORDER ADOPTING
OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]
AND GRANTING MOTION TO DISMISS [ECF NO. 10]**

courts cannot review final state court judgments because Congress has vested appellate jurisdiction over state court decisions with the United States Supreme Court." Willner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (unpublished) (citing 28 U.S.C. § 1257(a)). The doctrine prevents parties who lost in state court from bypassing the procedure of seeking review in state appellate courts and then seeking a writ of certiorari with the United States Supreme Court. Id.

Four conditions must be met for the Rooker-Feldman doctrine to apply: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" Id. (quoting Exxon Mobil Corp., 544 U.S. at 284). "A claim seeking redress for an injury caused by the state-court decision itself — even if the basis of the claim was not asserted to the state court — asks the federal district court to conduct an appellate review of the state-court decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

Here, the Complaint falls squarely within the purview of the Rooker-Feldman doctrine. First, Plaintiffs lost in the Circuit

CARROLL V. ROSS                                                    1:23-CV-57

**MEMORANDUM OPINION AND ORDER ADOPTING
OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]
AND GRANTING MOTION TO DISMISS [ECF NO. 10]**

Court of Preston County, West Virginia.    Second, Plaintiffs complain of injuries caused by those proceedings.  See Compl., ECF No. 1, at p. 7 (describing the "harm and damage" as the "loss of their property and home of a value of $300,000").  Third, the state court judgment became final before these proceedings commenced. Fourth and finally, Plaintiffs ask the Court to review and reject that judgment.  See id. at p. 9 (asking the Court to force Defendant to justify the taking of their property).  For these reasons, the Court agrees with the Magistrate Judge's determination that the Rooker-Feldman doctrine applies.

### III. CONCLUSION

Plaintiffs effectively ask the Court to exercise appellate jurisdiction over a state court decision.   This Court lacks jurisdiction to do so.  As such, the R&R is **ADOPTED IN PART** [ECF No. 28], to the extent set forth above.  Defendant's motion to dismiss is **GRANTED** [ECF No. 10], and the case is **DISMISSED WITHOUT PREJUDICE.**   The Clerk is directed to **STRIKE** the case from the Court's active docket and to **TERMINATE** all other pending motions.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record by email and to the pro se Plaintiffs by certified mail, return receipt requested.

**CARROLL V. ROSS**                                                    **1:23-CV-57**

**MEMORANDUM OPINION AND ORDER ADOPTING
OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 28]
AND GRANTING MOTION TO DISMISS [ECF NO. 10]**

DATED: February 15, 2024

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA